UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
THOMAS J. OLSEN, Individually and on
behalf of all others similarly situated,

      Plaintiff,

  v.

CUYANA, INC.,

      Defendant.
---------------------------------------------------------------x

19-cv-01109 (FB)(JO)

## JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Thomas J. Olsen ("Plaintiff") and Defendant Cuyana, Inc. ("Defendant") stipulate and jointly request that this Court enter a dismissal with prejudice of Plaintiff's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until July 1, 2021 for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the parties' Confidential Settlement Agreement and Release of Claims. Section 2(C) of the Confidential Settlement Agreement and Release of Claims reads as follows:

  Cuyana shall, within twenty-four (24) months of the Effective Date ("the Remediation Period"), use commercially reasonable good faith efforts to cause those portions of the Website that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the Website ("ADA Compliant"), to the extent it does not impose an undue burden or cost, is not technically infeasible, and does not fundamentally alter the nature of the content, features, or functionality of the website and/or will provide equivalent facilitation. Moreover, this Agreement shall not apply, nor be construed to apply, to portions of the Website that are not owned or controlled by Cuyana or for which Cuyana does not possess the administrative, design, or coding rights. The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant" for purposes of this Agreement, but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance.

  The Parties further agree that, notwithstanding anything contained in this provision or in this Agreement, the Website shall be permitted to link to websites owned or operated by others containing Third-Party Content (as defined below) that may not be accessible to individuals with

disabilities. (The term "Third-Party Content" refers to web content that is not developed, owned, or operated by Defendant.) The Parties further agree that ADA Compliant shall include substantial conformance with any standard later established or recognized by the United States Supreme Court, any U.S. Circuit Court of Appeals or the U.S. Department of Justice. However, if a judicial, legislative or regulatory body enacts any legislation or rule, or if the United States Supreme Court, a U.S. Circuit Court of Appeals, or a State appellate court renders a decision, pursuant to which the Website is not considered a place of public accommodation or business establishment under the Disability Laws, it is understood that Cuyana will be relieved of the obligations set forth in this Section 2(C). If Cuyana's ability to meet the deadline for compliance with this Section 2(C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Cuyana's control, the deadline shall be extended by the length of the delay.

Following the Remediation Period, Cuyana shall, either on its own or through a third party vendor, monitor the Website on a periodic basis to ensure that it continues to be ADA Compliant. Cuyana agrees that if any portion of the Website is discovered to be non-ADA Compliant, it will promptly remediate that portion of the Website and will cause it to be ADA Compliant.

Each party shall bear his or its own fees, costs and attorneys' expenses.

Dated: July 29, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Evan B. Citron
599 Lexington Avenue, 17th Floor
New York, NY 10022
evan.citron@ogletree.com

*Attorneys for Defendant*
*Cuyana, Inc.*

LIPSKY LOWE LLP

By: /s/ *Douglas B. Lipsky*
Douglas B. Lipsky, Esq.
630 Third Avenue, Fifth Floor
New York, NY 10017
doug@lipskylowe.com

*Attorneys for Plaintiff*
*Thomas J. Olsen*